UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CASSEY SCOTT | § | |
| | § | |
| v. | § | Civ. No. 3:22-CV-00320 |
| | § | |
| ISLAND OPERATING COMPANY and | § | |
| WOOD GROUP PSN, INC. | § | Jury Trial Demanded |

## DEFENDANT WOOD GROUP PSN, INC.'S
## ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Defendant Wood Group PSN, Inc. ("Wood Group") files its Original Answer and Affirmative Defenses to Plaintiff Cassey Scott's ("Plaintiff") Original Complaint ("Complaint") (ECF No. 1) and respectfully shows the Court as follows:

### I.    PARTIES

1.1     Wood Group lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1.1 of the Complaint.

1.2     Wood Group lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1.2 of the Complaint.

1.3     Wood Group admits that it does business in Houston and in the state of Texas and was served with process through the Corporation Service Company but denies the remainder of Paragraph 1.3 of the Complaint.

## II. JURISDICTION

2.1    The allegations contained in Paragraph 2.1 constitute conclusions of law, thus no responsive pleading is required.

## III. VENUE

3.1    The allegations contained in Paragraph 3.1 constitute conclusions of law, thus no responsive pleading is required.

## IV. FACTS

4.1    Wood Group lacks knowledge or information sufficient to form a belief about the allegations contained in sentences 1 and 2 of Paragraph 4.1. Wood Group lacks knowledge or information sufficient to form a belief about whether Defendant IOC employed the Person-in-Charge ("PIC") as alleged in sentence 3 of Paragraph 4.1. Wood Group specifically denies that the crane operator was employed by Wood Group as alleged in sentence 3. Wood Group lacks knowledge or information sufficient to form a belief about the allegations contained in sentences 4 and 5 of Paragraph 4.1 of the Complaint. Wood Group denies any other allegations contained in Paragraph 4.1 of the Complaint.

## V. CAUSE OF ACTION

**A.   NEGLIGENCE**

5.1    Wood Group denies the allegations contained in Paragraph 5.1 of the Complaint.

5.2     Wood Group denies the allegations contained in Paragraph 5.2 of the Complaint.

5.3     Wood Group denies the allegations contained in Paragraph 5.3 of the Complaint.

5.4     Wood Group denies the allegations contained in Paragraph 5.4 of the Complaint.

5.5     Wood Group denies the allegations contained in Paragraph 5.5 of the Complaint.

5.6     Wood Group denies the allegations contained in Paragraph 5.6 of the Complaint.

## VI.     DAMAGES (PECUNIARY AND NON-PECUNIARY)

6.1     Wood Group denies the allegations contained in Paragraph 6.1 of the Complaint.

6.2     Wood Group denies the allegations contained in Paragraph 6.2 of the Complaint.

## VII.    INTEREST

7.1     Wood Group denies the allegations contained in Paragraph 7.1 of the Complaint.

## AFFIRMATIVE DEFENSES

A. For further answer, if same be necessary, Plaintiff's claims were proximately caused by Plaintiff's sole, concurrent, and/or contributory negligence. Any recovery by Plaintiff should be reduced or barred, proportionately or absolutely, as appropriate, in accordance with the provisions of Article 2323(A), entitled "Comparative fault," and Article 2324(B), entitled "Liability as solidary or joint and divisible obligation," of the Louisiana Civil Code, and any other applicable law.

B. For further answer, if same be necessary, Plaintiff's alleged injuries and/or damages were solely or proximately caused by the acts, omissions, or negligence of third parties whom, or entities that, Wood Group has no control over or right of control over.

C. For further answer, if same be necessary, Plaintiff's alleged injuries and/or damages resulted from a condition(s) that was/were open and obvious to Plaintiff, or ordinary and reasonably prudent individuals.

D. For further answer, if same be necessary, Plaintiff's alleged injuries and/or damages were proximately caused by events, conditions, instrumentalities, and/or acts not under the control of Wood Group and for which Wood Group is not legally responsible.

E. For further answer, if same be necessary, Plaintiff's alleged injuries and/or damages were the result of new, independent, and intervening causes, unrelated to Wood Group, for which Wood Group is not legally responsible.

F. For further answer, if same be necessary, Plaintiff assumed the risk that caused his alleged injuries and/or damages, for which Wood Group is not legally responsible.

G. For further answer, if same be necessary, Plaintiff's alleged injuries and/or damages were caused by the ordinary and known risks incident to his occupation, for which Wood Group is not legally responsible.

H. For further answer, if same be necessary, Plaintiff's alleged injuries and/or damages were the result of pre-existing medical conditions or occurrences, subsequent medical conditions or occurrences, and the natural course of those conditions or occurrences, for which Wood Group is not legally responsible.

I. For further answer, if same be necessary, Plaintiff's alleged injuries and/or damages were caused by prior, contemporaneous, or subsequent acts of Plaintiff, for which Wood Group is not legally responsible.

J. For further answer, if same be necessary, Plaintiff's claims are barred by the applicable provisions of the Longshore and Harbor Workers Compensation Act or the Louisiana and/or Texas Workers Compensation Acts because Plaintiff was an employee, borrowed servant, and/or statutory employee.

K.     For further answer, if same be necessary, Plaintiff's damages are limited to the recovery of medical or healthcare expenses actually paid or incurred by Plaintiff.

L.     For further answer, if same be necessary, Plaintiff failed to mitigate his damages.

M.     For further answer, if same be necessary, Plaintiff's claims are barred by the last clear chance doctrine.

WHEREFORE, Defendant Wood Group PSN, Inc. prays that Plaintiff Cassey Scott take nothing by way of his Original Complaint and prays for such other and further relief to which it may be justly entitled.

Respectfully submitted,

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

By:    */s/ Bradley L. DeLuca*
       Bradley L. DeLuca
       Attorney-in-charge
       State Bar No. 05653800
       4 Houston Center
       1221 Lamar Suite 1000
       Houston, Texas 77010
       Telephone: (713) 652-2525
       Facsimile: (713) 652-5130
       Email: bdeluca@jdkglaw.com

Of Counsel:

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

Sara J. Sherman
Ssherman@jdkglaw.com
State Bar No. 24068168
S. Dist. 1890039
Johnson DeLuca Kurisky & Gould, P.C.
4 Houston Center
1221 Lamar Suite 1000
Houston, Texas 77010
Telephone: (713) 652-2525
Facsimile: (713) 652-5130

**ATTORNEYS FOR DEFENDANT WOOD GROUP PSN, INC.**

## CERTIFICATE OF SERVICE

I certify that the above document has been served to all counsel of record by CM/ECF and/or other means in accordance with the Federal Rules of Civil Procedure on September 30, 2022.

*Via Email: mspagnoletti@spaglaw.com; mkutner@spaglaw.com*
Marcus R. Spagnoletti
Marc Evan Kutner
Spagnoletti & Co.
401 Louisiana Street, 8th Floor
Houston, Texas 77002
***Attorney For Plaintiff Jarvis Grayson***

*/s/ Bradley L. DeLuca*
Bradley L. DeLuca